IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RYAN DENNY,<br><br>　　Petitioner,<br><br>v.<br><br>WARDEN PETE BLUDWORTH, MONTANA BORAD OF PARDONS AND PAROLE,<br><br>　　Respondents. | Cause No. CV 22-32-H-BMM-KLD<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　This matter comes before the Court on a petition filed by state pro se petitioner Ryan Denny. (Doc. 1.) Although Mr. Denny mailed the petition to this Court, the document was actually prepared and intended for filing in the state courts. Thus, it was unclear if he wished to file in this Court under 28 U.S.C. § 2254 or in the state courts. Mr. Denny was advised that if he intended to proceed in this Court, he needed to file an Amended Petition by June 15, 2022. (Doc. 3.) Mr. Denny was also provided a copy of the Court's standard Amended Petition form.

　　Additionally, although Mr. Denny filed a motion for leave to proceed in forma pauperis ("IFP"), he did not provide a copy of his inmate account statement. See, (Doc. 2.) The form he submitted was also intended for filing in the state

1

courts. Similarly, Mr. Denny was advised that he would need to provide a copy of his inmate account statement before the Court could rule on his IFP motion. See, (Doc. 3.)

Mr. Denny has failed to respond to the Court's order. Accordingly, the Court will recommend the matter be dismissed for failure to prosecute.

### i. Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability

of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Denny has failed to file his Amended Petition within the requisite timeframe. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Denny refuses to comply with the Court's orders. This case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance*

*Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Denny was provided with an explanation of the information the Court required and was given an Amended Petition form. It is also possible that Mr. Denny has elected to proceed in the state court system and no longer seeks federal habeas relief under § 2254. Based upon Mr. Denny's failure to file his Amended Petition, the Court can envision no alternatives other than dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Mr. Denny attempts to advance do not make a substantial showing that he was deprived of a constitutional right. Moreover, no reasonable jurist would suggest the Court go forward with the case without Mr. Denny's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Denny's petition (Doc. 1) should be DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute. The motion to proceed in forma pauperis (Doc. 2) should be DENIED based upon Mr. Denny's failure to submit his inmate account statement.

2. The Clerk of Court should be directed to a judgment of dismissal by separate document.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO OBJECT
## TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
## OF FAILURE TO OBJECT

Mr. Denny may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of June, 2022.

                              */s/ Kathleen L. DeSoto*
                              Kathleen L. DeSoto
                              United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Denny is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.